**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1397
_____

OLEG ZHUIKO,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-312-113)
Immigration Judge: Kuyomars Q. Golparvar
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 5, 2023
Before:  JORDAN, GREENAWAY, Jr., and NYGAARD, Circuit Judges

(Opinion filed: January 17, 2023)
_____

OPINION*
_____

PER CURIAM

Oleg Zhuiko, a native of Kazakhstan, entered the United States in 2001 and

overstayed his visa.  In November 2018, the Department of Homeland Security charged

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

him with removability under 8 U.S.C. § 1227(a)(1)(B) for remaining in the country longer than permitted. Zhuiko conceded removability and applied for cancellation of removal under 8 U.S.C. § 1229b(b). Following a hearing, an Immigration Judge (IJ) denied his application as a matter of discretion.[1] The Board of Immigration Appeals (BIA) dismissed the appeal, and we dismissed Zhuiko's petition for review. See Zhuiko v. Att'y Gen., No. 19-3728, 2022 WL 385521 (3d Cir. Feb. 8, 2022).

In February 2022, Zhuiko moved the BIA to reopen his removal proceedings to request asylum and withholding of removal. Recognizing that his motion was time- and number-barred under the applicable regulations, Zhuiko sought to satisfy the changed-country-conditions exception by presenting evidence that the Kazakh government had "stripped [him] of his Kazakh citizenship due to his non-Kazakh heritage, which constitutes persecution." AR000060. That evidence included: (1) a letter from the Consulate General of the Republic of Kazakhstan stating that Zhuiko no longer has citizenship, in accordance with Article #21 of that country's citizenship law,[2] AR000183; (2) a letter from the Department of Internal Affairs, City of Almaty, stating that Zhuiko's passport/identification card had been "included in a Category INVALID on December

---

[1] In finding that Zhuiko did not merit a favorable exercise of discretion, the IJ took into account that, in 2014, United States Citizenship and Immigration Services determined that Zhuiko had entered into a fraudulent marriage in an effort to adjust his status.

[2] According to Zhuiko, Article 21 provides that "[c]itizenship of the Republic of Kazakhstan is lost . . . if an individual is permanently residing outside the [country] and has not reported to a Kazak mission abroad for five years without a valid reason." AR000214.

13, 2019, in connection with the 'Loss of Citizenship of Republic of Kazakhstan,'" AR000185; and (3) an affidavit by expert Steve M. Swerdlow opining that Zhuiko will likely be persecuted on account of his "nationality and ethnicity (Jewish) and religion (Judaism), which is considered both an ethnicity and a religious faith in Kazakhstan," AR000192, and noting that Article 21 "is used disproportionately against Non-Kazakh nationals," AR000211. Zhuiko also provided general country conditions evidence, including, for example, the State Department's 2014 Human Rights Report: Kazakhstan, AR000154–168, Bulletins issued by Refugees International in 2007 and 2010, AR000142–43 and AR000220, and a 2009 article titled "Refugees still face uncertainty in Kazakhstan," AR000170. The BIA determined that Zhuiko had not satisfied the changed-country-conditions exception and denied the motion to reopen.[3] Zhuiko timely filed a petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's denial of a motion to reopen for an abuse of discretion. Bamaca-Cifuentes v. Att'y Gen., 870 F.3d 108, 110 (3d Cir. 2017) (quotation marks omitted). We review its conclusions of law de novo, Filja v. Gonzales, 447 F.3d 241, 251 (3d Cir. 2006), and will uphold its factual determinations if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

---

[3] We do not address the remainder of the BIA's decision because Zhuiko does not challenge it in his brief. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

Generally, a noncitizen may file only one motion to reopen removal proceedings, and that motion must be filed no later than ninety days after the agency's final order. 8 U.S.C. § 1229a(c)(7)(C)(i); see also 8 C.F.R. § 1003.2(c)(2). The time and numerical limitations do not apply, however, to motions seeking reopening "based on changed circumstances arising in the country of nationality" and supported by material evidence that was not available during the previous proceeding. 8 U.S.C. § 1229a(c)(7)(C)(ii)); see also 8 C.F.R. § 1003.2(c)(3)(ii). "This changed-circumstances regulation effectively creates a procedural hurdle that must be overcome before an untimely motion to reopen may be considered." Bamaca-Cifuentes, 870 F.3d at 111.

We see no abuse of discretion in the BIA's determination that Zhuiko's untimely motion failed to satisfy the changed-country-conditions exception. In order to satisfy this exception, he was required to present evidence that, inter alia, makes a material difference to his proposed asylum and withholding of removal claims. Substantial evidence supports the BIA's finding that this evidence does not sufficiently show that his citizenship was revoked on account of his non-Kazakh ethnicity or Jewish religion rather than his failure to follow the law for retaining citizenship.[4] And, to the extent that Zhuiko seeks asylum on the ground that he fears persecution on account of his "lack of

---

[4] We read the BIA's findings in this regard as supporting its determinations that: (1) any change in country conditions was not material; and (2) Zhuiko failed to establish prima facie eligibility for relief. To the extent that the BIA may have conflated the analyses of these two independently dispositive determinations, any such error is harmless. See Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011).

4

citizenship," AR000248, or "statelessness," Br. 8, ECF No. 10, lack of citizenship is not a protected category under 8 U.S.C. § 1101(a)(42). Therefore, any change supported by this evidence was not material to his claims for asylum and withholding of removal.

We have considered the remaining arguments that Zhuiko raises in his briefs and conclude that they do not warrant relief. First, Zhuiko contends that the BIA "ignored" evidence demonstrating that the Kazakh government enforces its immigration laws disproportionately against non-ethnic Kazakhs. Notably, however, the BIA explicitly recognized in its decision that Zhuiko was relying on "country conditions evidence and an expert affidavit to establish that his citizenship was revoked on account of his non-Kazakh ethnicity" and referenced the relevant portions of the record. AR000006 (citing AR0000182–223). Second, Zhuiko argues that the fact that the Kazakh government did not revoke his status until 2019 "should lead one to believe that other factors played a part in [his] denaturalization." Opening Br. 6, ECF No. 10. As the Government correctly notes, however, nothing in the record establishes that Zhuiko's citizenship was revoked in 2019 as opposed to an earlier date. Br. 6, ECF No. 10.[5]

Accordingly, we will deny the petition for review.

_____

[5] To the extent that Zhuiko challenges the BIA's alternative determination that he failed to make a prima facie showing that he is entitled to asylum or withholding of removal, we address only the Board's independently dispositive determination that his untimely motion failed to satisfy the requirements of 8 C.F.R. § 1003.2(c). See Bamaca-Cifuentes, 870 F.3d at 111–12 (explaining that the Board was procedurally barred from examining the underlying merits of petitioner's claims because the motion to reopen was untimely).